**PAULO MAILO (M) of Fagatogo, Objector**

**v.**

**TENARI FUIMAONO (M) of Fagatogo, Applicant**

No. 138-1966

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Maugaoali'i"]

May 8, 1967

Mageo, Counsel for Mailo.
Lutu, Counsel for Fuimaono.

OPINION OF THE COURT

ROEL, *Associate Justice.*

On June 23, 1966 Tenari Fuimaono, hereinafter referred to as Applicant, filed his application with the Clerk of the High Court to be registered as the holder of the matai title "Maugaoali'i," allegedly attached to the Village of Fagatogo. On July 15, 1966 Paulo T. Mailo, hereinafter referred to as Objector, filed his application to be registered for the same title "Maugaoali'i." On April 18, 1967, the Objector filed an objection to the Application for the "Maugaoali'i" title based on the grounds that the name Maugaoali'i is not a matai name but a name of a mountain and that from the beginning of time until the present the name "Maugaoali'i" has never been used as a matai title in Fagatogo.

Because the objection that the name "Maugaoali'i" is not a matai name raised some very basic and important objections in connection with the Matai Title Provisions under Title VI, the Court first undertook to look into the question whether such a title name should be registered before going into the qualification of the individual candidate to hold a matai title.

██ To begin with, both parties and their Counsel agreed that the name "Maugaoali'i" had never been used as a matai title in American Samoa or Fagatogo and that no one had ever before held such a matai title name. Further,

758

they agreed that said matai name was not an old matai title of the Samoan people.

The Court searched the official Register of Matai Titles which goes back to 1906 and is satisfied that the name "Maugaoali'i" has never been registered as a matai title in American Samoa.

■ Section 6.0101 reads in Part, "Eligibility For Matai Title: No Person not possessing all of the following qualifications shall be eligible to *succeed* to any matai title." (emphasis added.)

As we read this Provision of the law, the word "succeed" means to follow after, to come next after another, to follow after another in order, to come after, as heir or successor. The word implies that there was a previous holder of the title sought to be registered. In the case before us, the applicant had no one to *succeed* since the title had never been held by anyone, and therefore he cannot *succeed* to the title, since the matai title "Maugaoali'i" was never in being, never registered, or even used by anyone. (emphasis added.)

■ Section 6.0102 reads: "Non-Recognition of Matai Titles: Any matai title which may be bestowed on any person contrary to the Provision of this Title shall not in any way whatsoever be recognized, provided that this Title shall not have the effect of divesting any person of a matai name registered before November 1, 1932."

We read this Provision of the Law to mean that no matai title not registered before November 1, 1932 should be considered for registration, especially if registering of said matai title is contrary to the Provisions of Title VI of the Code of American Samoa, 1961 Edition. As a matter of fact this provision was also part of the 1949 Code.

Section 6.0103 reads: "Duty to Register Matai Names: Every matai in American Samoa shall register his title and designated name. And the record of such registration shall

be kept as a part of the records of the Clerk of the High Court."

As we have stated before, the Register of Matai Titles kept by the Clerk of the High Court reflects that no matai title by the name of "Maugaoali'i" has never been registered from the year 1906 to the present.

■ Section 6.0104 of the Code reads: "Claim of Succession to Title: Every Person claiming succession to a matai title shall file with the Clerk of the High Court a written claim of *succession* to the title. Such claim shall be accompanied by a certificate from the chiefs of the Village in which the claimant lives to the effect that such matai name is an old matai title of the Samoan people and a petition signed by three-fourths of the members of the claimant's family over 20 years of age asking that the claimant be registered for the matai title." (emphasis added.)

Now, this section of the Code does not deal with a "claim" for a title, it deals with a "claim of succession to the title," the word *succession* implies that the title name existed before the claim was filed and that there had been a previous holder of the same title who, either by death, or resignation or removal, had left the title vacant. (emphasis added.)

Though the claimant's claim form was allegedly signed by some of the Chiefs of Fagatogo to the effect that the matai title "Maugaoali'i" was an old matai title of the Samoan people, we are satisfied that they did not know what they were certifying to.

As a matter of fact, the highest Chief in Fagatogo, Fa'asuka S. Lutu, who also acted as counsel for the Applicant, did not sign the Chiefs' certificate, but only as a member of the family favoring the Applicant's candidacy. This same Chief Lutu, together with Mageo, Counsel for the Objector stipulated that the matai title "Maugaoali'i" had never been used before as a matai name either in Fagatogo

or American Samoa and that said matai title had never been registered nor had it been an old matai title of the Samoa [sic] people.

■ Section 6.0109 of the Code reads: "Penalties: Any Person who shall use any matai name or permits the use of any matai name in his behalf before the same shall have been registered in accordance with the Provisions of this title, or continues to use a matai name after he has been removed from his office by proper proceeding shall, upon conviction, be fined not more than twenty-five dollars ($25.00) or imprisoned for not more than three months, or both."

The only justification in view of the Provisions of Title VI given by Counsel for Applicant, who is also the highest matai in the Village of Fagatogo, for the registration of the matai title "Maugaoali'i" was that the Village wanted to honor the Applicant and that the Applicant was capable of holding the title. The Court has no doubt that the Applicant is intelligent enough to be eminently qualified to hold a matai title in American Samoa. However, the only question before us is whether the title applied for should be registered.

Counsel for Objector made a motion to the effect that the Court should deny the application to register the matai name on the ground that such a matai title never existed in Fagatogo and that it had never been used or registered before. Objector's Counsel argued that the Provisions of Title VI prohibited the registration of such a matai name which had never been used before or registered. Counsel for Objector also referred to a resolution passed by the House of the 10th Legislation of American Samoa calling for a halt to the use of new matai names which were not registered titles as provided by law. Counsel argued also that the creation of new titles not previously recognized

would tend to deminish [sic] the dignity and degrade the matai titles now existing.

After considering the evidence and the Provisions of Title VI of the Code of American Samoa, 1961 Edition, it is the unanimous opinion of this Court that Applicant's petition to register the matai title "Maugaoali'i" should be denied and the application dismissed.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that Applicant's petition to register as the holder or successor of the matai name "Maugaoali'i" be, and the same is hereby denied and dismissed.

Court costs in the amount of $12.50 to be paid by Applicant, Tenari Fuimaono within 30 days.

Done this 2nd day of May, 1967.